ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada  89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
*Email:* **mail@asmithlaw.com**

Attorney for Debtor

*ELECTRONICALLY FILED*
*September 27, 2011*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

CAVIATA ATTACHED HOMES, LLC, a Nevada limited liability company,

        Debtor.
_____/

Case No. BK-N-11-52458-BTB
Chapter 11

Hearing Date:  TBD
Hearing Time:  TBD

# DEBTOR'S PLAN OF REORGANIZATION

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd

# TABLE OF CONTENTS

1. INTRODUCTION .................................................................. 1

2. DEFINITIONS .................................................................... 1

3. CLAIMS AND INTERESTS ...................................................... 4

    3.1    Classification of Claims and Interests ............................ 4

    3.2    Unimpaired Classes .................................................. 5

4. TREATMENT OF CLAIMS AND INTERESTS ................................ 5

    4.1    Class 1 (U.S. Bank) ................................................. 5

    4.2    Class 2 (Unsecured Claims) ........................................ 6

    4.3    Class 3 (Member Interests) ........................................ 6

5. TREATMENT OF UNCLASSIFIED CLAIMS ................................... 7

    5.1    Administrative Claims .............................................. 7

    5.2    Priority Rent Deposit Claims ..................................... 7

    5.3    Fees to the United States Trustee ............................... 7

    5.4    Disputed Claims ..................................................... 7

6. EXECUTORY CONTRACTS ...................................................... 7

7. MEANS OF IMPLEMENTING AND FUNDING THE PLAN ................. 8

    7.1    Continued Operation of the Property ............................ 8

    7.2    Management of the Property ...................................... 8

    7.3    Property To Be Sold Or Refinanced .............................. 8

    7.4    Disputed Claims ..................................................... 9

    7.5    Revesting of Assets in the Debtor ............................... 9

    7.6    Disbursing Agent .................................................... 9

    7.7    Request for Application of 11 U.S.C. § 1129(b) ............... 9

    7.8    Post-Confirmation Management of the Debtor ................. 10

    7.9    Post-Confirmation Litigation ..................................... 10

    7.10   Post-Confirmation Default ........................................ 10

8. FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN ................ 10

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd        -i-

| | | |
|---|---|---|
| 1 | 9. | INJUNCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 |
| 2 | 10. | EXCULPATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 |
| 3 | 11. | MISCELLANEOUS PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 |
| 4 | 12 | RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12 |
| 5 | 13. | MODIFICATION OF PLAN .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13 |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd          -ii-

1. **INTRODUCTION**

Debtor, CAVIATA ATTACHED HOMES, LLC, a Nevada limited liability company (hereinafter "Debtor" or "Caviata"), filed its petition for relief under Chapter 11 of the Bankruptcy Code on **August 1, 2011.** This Plan of Reorganization (the "Plan") is a proposal to creditors to resolve the debts owed on the date of filing the petition.

The Plan must receive creditor approval and the Court must find that it meets the requirements of the law in order to be confirmed. If this Plan is not confirmed, then the Court may allow:

(A) The case to be dismissed;

(B) The Debtor and others to draft another plan; or

(C) The case to be converted to a Chapter 7 proceeding, with the assets of the Debtor being sold in liquidation and the proceeds distributed in accordance with the Bankruptcy Code.

Creditors are reminded that the Debtor has prepared and filed a Disclosure Statement that provides information about the Debtor and its past operations.

2. **DEFINITIONS**

Whenever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter. Any capitalized term not defined herein that is defined in the Bankruptcy Code shall have the meaning ascribed to it in the Bankruptcy Code. Unless the context requires otherwise, the following words and phrases shall have the meanings set forth below when used in this Plan:

(A) *"Administrative Claims."* Claims arising during the administration of both Debtor's Chapter 11 cases entitled to priority under Section 507(a)(1) of the Bankruptcy Code. As required by the Bankruptcy Code, holders of such Allowed Administrative Claims against Debtor shall receive cash in the amount of such allowed claim on the Effective Date.

(B) *"Allowed Claim".* This term will refer to and mean every claim: (i) as to which

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd          -1-

1  a proof of claim has been filed with the Court within the time fixed by the Court or, if such
2  claim arises from the Debtor's rejection of an unexpired lease or other executory contract,
3  within thirty (30) days after the Effective Date of the Plan, or (ii) which is scheduled as of
4  the Confirmation Date of the Plan in the schedules filed by the Debtor or amended by the
5  Debtor as of said date, and is liquidated in amount and undisputed; and in either of the above
6  events, as to which no objection to allowance of such claim or request for subordination
7  thereof has been filed within any applicable time period fixed by the Court or as to which an
8  order allowing such claim and establishing its priority has become final and non-appealable.
9  An allowed secured claim shall include all accrued interest and attorneys fees, to the extent
10 the same are allowable under 11 U.S.C. § 506, and to the extent attorneys fees are reasonable
11 or are approved by the Bankruptcy Court after notice and hearing.

12       (C)    **"Bankruptcy Case."**    This term shall mean the pending Chapter 11 case
13 entitled *In re Caviata Attached Homes, LLC, a Nevada limited liability company*, Case No.
14 Bk-N-11-52458-GWZ.

15       (D)    **"Bankruptcy Code."**    This term means the Bankruptcy Code of 1978, as
16 codified in Title 11 of the United States Bankruptcy Code by Public Law 95-598, including
17 all amendments thereof and thereto.

18       (E)    **"Bankruptcy Court."**    This term means the United States Bankruptcy Court
19 for the District of Nevada, Reno, or such other court as has jurisdiction of these Chapter 11
20 cases.

21       (F)    **"U.S. Bank Deed of Trust."**    This term shall mean the Deed of Trust securing
22 the U. S. Bank Note wherein Debtor is trustor and Ticor Title of Nevada, Inc., is trustee, and
23 California national is the original beneficiary, recorded as Document No. 3285509 in the
24 Official Record of the Washoe County Recorder recorded on September 30, 2005.

25       (G)    **"U.S. Bank Interest Rate."**    This term shall mean the interest rate allowed on
26 the U.S. Bank Secured Claim as set forth in Section 4.1(c) hereof.

27       (H)    **"U.S. Bank Note."**    This shall mean the Amended and Restate Promissory
28 Note dated January 15, 2009, in which the Debtor is obligor, and California National Bank

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd          -2-

1  is obligee. On October 30, 2009, the Federal Deposit Insurance Corporation closed California National Bank and the assets of Cal National were allegedly assigned to U.S. Bank National Association.

(I) **"*Claim.*"** This term means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

(J) **"Code" or the "Bankruptcy Code."** This term means Title 11, United States Code.

(K) **"Confirmation Date."** This term refers to and shall mean the date on which the Court enters its Order confirming Debtor's Plan of Reorganization, or any subsequently amended plan of reorganization.

(L) **"Confirmation Hearing."** This term shall mean the hearing or hearings in which the Bankruptcy Court considers confirmation of the Plan.

(M) **"*Debtor.*"** The term Debtor means CAVIATA, a Nevada corporation, the Chapter 11 Debtor in Case No. BK-N-09-51371-GWZ.

(N) **"Disclosure Statement."** Disclosure Statement means the Disclosure Statement filed by the Debtor, as amended, and as approved by the Bankruptcy Court.

(O) **"Effective Date."** This term shall mean the date which is the first day of the month at least thirty (30) days following the Confirmation Date.

(P) **"First Plan."** This term shall mean Debtor's First Amended Plan of Reorganization confirmed by the Findings of Facts and Conclusions of Law and Order entered on April 12, 2010 in case no. BK-09-52786.

(Q) **"Net Income."** This term shall mean the Rents and all other income less all Operating Costs.

(R) **"Net Sales Proceeds."** The gross proceeds of any sale of the Property, less (a)

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd    -3-

all costs of sale, including, without limitation, real estate commissions and escrow fees; and (b) all payments to Class 1 and Class 2 creditors as set forth in this Plan.

(S) **"Operating Costs."** All costs associated with the operation, maintenance and management of the Property, which shall include but not be limited to net capitalized expenditures, real property taxes, insurance and assessments.

(T) **"Petition Filing Date."** This term shall refer to August 1, 2011, the date on which Debtor filed its voluntary petition commencing the above-captioned Chapter 11 case.

(U) **"Plan."** This term shall refer to Debtor's Plan of Reorganization, together with any amendments or modifications thereto as may hereafter be filed by the Debtor.

(V) **"Post Confirmation."** This term shall mean the period of time after the Confirmation Date.

(W) **"Property."** This term shall mean the commercial apartment complex consisting of 184 apartments, including a club house, located at 950 Henry Orr Parkway, Sparks, Nevada.

(X) **"Rents."** This term shall mean all income generated from the rental of units at the Property, together with all other income associated with the services offered at the Property.

(Y) **"Reorganized Debtor."** This term means Caviata Attached Homes, LLC, a Nevada limited liability company, following the Confirmation Date.

(Z) **"Secured Claim."** This term means an Allowed Claim evidenced by a deed of trust upon the Property.

(AA) **"Surplus Net Income."** This term shall mean the Net Income, less all payments on the Class 1 claim.

(BB) **"Unsecured Claim."** This shall mean a Claim that is not secured by a pledge of or security interest in any of the Debtor's property.

3. **CLAIMS AND INTERESTS**

   **3.1 Classification of Claims and Interests**

   Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd                -4-

classes of Claims and Interests. Administrative Claims and Priority Claims of the kinds specified in Sections 507(a)(1) and 507(a)(8) of the Bankruptcy Code have not been classified and are excluded from the following classes in accordance with Section 1123(a)(1) of the Bankruptcy Code.

Class 1: Allowed Secured Claim of U.S. Bank, as evidenced by a first deed of trust upon the Property.

Class 2: Allowed Claims of **unsecured creditors** of the Debtor not entitled to priority under § 507 of the Bankruptcy Code and not otherwise included in any other class hereof, including, without limitation, claims which may arise out of the rejection of executory contracts.

Class 3: The claims and interests of **Caviata 184, LLC,** as the sole member of the Debtor.

**3.2   Unimpaired Classes**

The Class 3 creditor is unimpaired under the Plan.

**4.   TREATMENT OF CLAIMS AND INTERESTS**

Each creditor class shall be treated as follows:

**4.1   Class 1 (U.S. Bank)**

The U.S. Bank Claim shall be treated under the Plan as follows:

**(A)   Amount of the U.S. Bank Secured Claim**

The amount of the U.S. Bank Secured Claim shall be equal to the sum of $22,420,928.00, less all principal reduction payments made after confirmation of the First Plan.

**(B)   Retention of Security Interest in Property and Rents**

U.S. Bank shall retain its security interest in the Property and Rents as evidenced by the U.S. Bank Deed of Trust in order to secure the U.S. Bank Note.

**(C)   Payment of the U.S. Bank Secured Claim**

The U.S. Bank Secured Claim shall bear interest at the rate of 4.00% per annum from and after the Effective Date, or, in the event of objection by U.S. Bank, such other rate as shall be proposed by the Debtor and approved by the Court at the Confirmation Hearing (the "U.S. Bank Interest Rate"). On or before the 15th day of each and every month,

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd         -5-

commencing on the 15th day of the next month following the Effective Date, the Debtor shall distribute to U.S. Bank an amount equal to the normal amortized monthly payment based upon the U.S. Bank Interest Rate and a 30-year amortized mortgage term. The entire balance due on the U.S. Bank Secured Claim shall be paid on or before ten years following the Effective Date, or such earlier date as shall be proposed by the Debtor at the Confirmation Hearing (the "U.S. Bank Maturity Date").

**(D)     Loan Documents Remain In Effect**

The U.S. Bank Note and the U.S. Bank Deed of Trust shall remain in full force and effect, except as modified by or otherwise inconsistent with this Plan, in which event the terms of this Plan shall supersede.

**(F)     Plan Default**

In the event of a default by the Debtor under the Plan, and in the event Debtor fails to cure such default within fifteen (15) business days after delivery of notice to the Debtor and to Debtor's counsel, U.S. Bank shall be entitled to enforce all of the terms of the U.S. Bank Deed of Trust and the U.S. Bank Note, in additional to all rights available under Nevada law, including, without limitation, foreclosure upon the Property and the opportunity to credit bid the entire amount of the U.S. Bank Secured Claim at any foreclosure sale.

**4.2     Class 2 (Unsecured Claims):**

Allowed Unsecured Claims shall receive quarterly disbursements of the Surplus Net Income, commencing on the first day of the third month following the Effective Date, and continuing on a like day of every third month thereafter, until the sum of $300,000.00 has been paid to Class 2 claimants. In addition, Allowed Unsecured Claims shall receive a prorata distribution of the Net Sales Proceeds, as soon as practicable following a sale of the Property, up to the sum of $300,000.00, less all quarterly payments made as set forth above.

**4.3     Class 3 (Membership Interests):**

The member shall retain its membership interest in the Reorganized Debtor.

///

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd        -6-

## 5. TREATMENT OF UNCLASSIFIED CLAIMS

### 5.1 Administrative Claims

Claims arising during the administration of the Debtor's Chapter 11 case and entitled to priority under Section 507(a)(1) of the Bankruptcy Code are not classified under the Plan. Holders of such claims shall be paid in full on the latter of the Effective Date, or fifteen (15) days after entry of an order creating an Allowed Administrative Claim, unless holders of an Allowed Administrative Claim agree to alternative treatment. Administrative Claims may be paid by the equity interest holders of the Debtor.

### 5.2 Priority Rent Deposit Claims

Priority Rent deposit claims shall be paid in the ordinary course of the Debtor's business, and pursuant to the terms of the individual leases with the various tenants of the Debtor. The Debtor has maintained such rent deposits in a segregated account.

### 5.3 Fees to the United States Trustee

All fees required to be paid to the United States Trustee will be paid in full upon the Effective Date of the Debtor's Plan, and shall remain current until the case is fully administered, closed, converted or dismissed, whichever occurs first. Such fees may be paid by cash contributions by the member of the Debtor.

### 5.4 Disputed Claims

All payments hereunder to creditors whose claims are not liquidated or are disputed shall be paid into a segregated trust account until such claims are an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be disallowed.

## 6. EXECUTORY CONTRACTS

All executory contracts of the Debtor are assumed, and shall be maintained current, including, without limitation, the contract with Pinnacle, an American Management Services Company ("Pinnacle"). The Debtor is current on post-petition payments on all assumed executory contracts.

///

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd    -7-

## 7. MEANS OF IMPLEMENTING AND FUNDING THE PLAN

### 7.1 Continued Operation of the Property

Debtor shall continue to operate the Property post-confirmation, and Pinnacle shall continue to manage the Property. The Net Income will be used to fund the Plan. Attached to the Disclosure Statement as Exhibit B is a projection of the Net Income from the Property through March 2013.

### 7.2 Management of the Property

The Debtor intends to continue to employ Pinnacle to manage the Property. However, the Debtor reserves the right to employ such other management company as the Debtor deems advisable following the Confirmation Date.

### 7.3 Property To Be Sold Or Refinanced

The Debtor shall undertake one or more of the following actions to assure compliance with the payment provisions under the Plan:

(a) On or before ten years following the Effective Date, the Property will be marketed for sale. The Debtor will list the Property for sale with a licensed real estate broker. The listing amount will be determined by the Debtor, but shall be in a minimum amount to pay the U.S. Bank Secured Claim and the balance owed to Class 2 claimants as set forth in section 4.2 above. Any proposed sale shall be conducted in accordance with the provisions of Section 363(b) of the Bankruptcy Code, including notice as required under Federal Rule of Bankruptcy Procedure 2002(a)(2) to all interested parties, including U.S. Bank, and shall provide for U.S. Bank to credit bid the full amount of its Allowed Secured Claim, including accrued interest and reasonable attorney's fees and costs. Any sale shall net sufficient sums to pay the entire balance owed under the U.S. Bank Allowed Secured Claim. Any sale under this provision shall be consummated on or before ten (10) years following the Effective Date. There shall be no county or state transfer

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd        -8-

1    taxes associated with any sale under this Plan in accordance with 11
2    U.S.C. § 1146.

3    (b)   Subject to the consent of U.S. Bank, the Debtor may obtain new
4          financing of the Property at any time the Debtor deems advisable, but
5          not later than ten (10) years following the Effective Date, in a sufficient
6          amount to pay the entire balance owed under the U.S. Bank Allowed
7          Secured Claim.  If the Debtor elects this means to effectuate the Plan,
8          such refinancing shall be on reasonable terms generally available in the
9          lending community, and may be accomplished without seeking
10         approval of the Bankruptcy Court.  In the event of such refinancing,
11         Class 2 creditors shall continue to receive distributions of Surplus Net
12         Income under the terms set forth in section 4.2 above.

### 7.4 Disputed Claims

All sums contemplated to be paid under the Plan to creditors whose claims are not liquidated or are disputed shall be paid into a segregated trust account until such claims are an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be disallowed.

### 7.5 Revesting of Assets in the Debtor

Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested in Caviata, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

### 7.6 Disbursing Agent

Caviata will serve as disbursing agent and shall disburse all property to be distributed under the Plan.  The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

### 7.7 Request for Application of 11 U.S.C. § 1129(b)

The Debtor, as Plan proponent, will request the Court to find that the provisions for

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd    -9-

dissenting classes provide for fair and equitable treatment of said creditors, and to confirm its Plan notwithstanding the requirements of § 1129(a)(8) as to such classes.

**7.8   Post-Confirmation Management of the Debtor**

The Debtor shall be managed post-confirmation by Caviata 184, LLC, its current manager, without salary.

**7.9   Post-Confirmation Litigation**

The Debtor does not anticipate any post-confirmation litigation, except for collection matters or evictions that occur in the normal course of the Debtor's business, and the determination of certain claims. The Debtor reserves the right to prosecute any objections to claims.

**7.10   Post-Confirmation Default**

In the event the Debtor becomes delinquent in duty or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

| | |
|---|---|
| Alan R. Smith, Esq. | Caviata Attached Homes, LLC |
| 505 Ridge Street | P.O. Box 17980 |
| Reno, Nevada 89501 | Reno, Nevada 89511 |

The Debtor shall thereafter have fifteen (15) business days from receipt of said notice in which to cure the default. In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court. At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time. The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

**8.   FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN**

Pursuant to the Plan, funding will be accomplished from the Debtor's income from which the Debtor intends to pay all taxes associated with its Post-Confirmation earnings. Creditors are advised to discuss with their own tax advisor any tax effect to the creditor of

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd            -10-

1  such payments.

2  **9.    INJUNCTION**

3  From and after the Effective Date, and except as provided in the Plan and the
4  Confirmation Order, all entities that have held, currently hold or may hold a Claim are
5  permanently enjoined from taking any of the following actions on account of any such
6  Claims: (I) commencing or continuing in any manner any action or other proceeding against
7  the Debtor, or its Property; (ii) enforcing, attaching, collecting, or recovering in any manner
8  any judgment, award, decree or order against the Debtor or the Reorganized Debtor, or their
9  respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against
10 the Debtor or the Reorganized Debtor, or their respective property; (iv) asserting a setoff,
11 right of subrogation or recoupment of any kind against any debt, liability, or obligation due
12 to the Debtor or the Reorganized Debtor, or their respective property; or (v) commencing or
13 continuing any action, in any manner or any place, that does not comply with or is
14 inconsistent with the provisions of the Plan or the Bankruptcy Code.

15 **10.   EXCULPATION**

16 From the Petition Date through the Effective Date, the Debtor and its officers,
17 directors, attorneys, agents and employees shall not have any liability to the Debtor or any
18 other claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or
19 omission in connection with or arising out of the Bankruptcy Case, including, without
20 limitation, prosecuting confirmation of the Plan, confirmation of the Plan, and the
21 administration of the estate, the Plan or the property to be distributed under the Plan, except
22 for gross negligence or wilful misconduct, and in all respects, such persons will be entitled
23 to rely on the advice of counsel with respect to their duties and responsibilities with respect
24 to the Chapter 11 Case and the Plan.

25 **11.   MISCELLANEOUS PROVISIONS**

26 (A)    Upon confirmation of the Plan, all property of the estate shall revest in the
27 Debtor, which shall retain such property free and clear of all claims and interest of creditors,
28 except as set forth in the Plan.

**Law Offices of**
**ALAN R. SMITH**
**505 Ridge Street**
**Reno, Nevada  89501**
**(775) 786-4579**

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd        -11-

(B)     The Reorganized Debtor will serve as disbursing agent and shall disburse all property to be distributed under the Plan, and may employ or contract with other entities to assist in or to perform such distributions.  Such services may be performed without the necessity of posting a bond.

(C)     Confirmation of the Plan constitutes a discharge pursuant to 11 U.S.C. § 1141 of any and all liabilities of the Debtor which are discharged pursuant to the provisions of the Bankruptcy Code.

(D)     Any creditor who failed to file a proof of claim on or before any Court imposed claims bar date, shall be barred from participating in any distribution under the Plan, and the Debtor shall have no further liability for such claim.

(E)     Following the Effective Date, the Debtor may continue to employ counsel for necessary legal services.  Counsel may be paid from the Debtor without further order of the Court.

(F)     The estate shall be deemed to be fully administered upon the commencing of distributions to the Class 1 creditor.

(G)     In the event that any impaired Class is determined to have rejected this Plan in accordance with Section 1126 of the Bankruptcy Code, the Debtor may invoke the provisions of Section 1129 of the Bankruptcy Code to satisfy the requirements for confirmation of this Plan.  The Debtor reserves the right to modify this Plan to the extent, if any, that confirmation pursuant to Section 1129(b) of the Bankruptcy Code requires modification.

**12.    RETENTION OF JURISDICTION**

The Bankruptcy Court shall retain jurisdiction for the following specific purposes:

(A)     For the purpose specified in § 1142 of the Bankruptcy Code;

(B)     The consideration of claims and such objections as may be filed to the claims of creditors pursuant to § 502 of the Bankruptcy Code, and to file and prosecute any counterclaims against such creditors;

(C)     The fixing of compensation for the parties entitled thereto;

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd        -12-

1  (D) To hear and determine the amount of all encumbrances or the recovery of any
2 preferences, transfers, assets or damages to which the Debtor's estate may be entitled under
3 applicable provisions of the Bankruptcy Code or other federal, state, or local law;

4  (E) To reinstate the automatic stay pending a determination of the amount owed
5 on any secured claim;

6  (F) To hear and decide all causes of action now held by the Debtor, or disclosed
7 in the Plan or Disclosure Statement;

8  (G) To hear and decide all adversary proceedings or contested matters currently
9 pending in the Bankruptcy Court, or which may be filed prior to or after plan confirmation;

10  (H) To resolve any disputes regarding interpretation of the Plan;

11  (I) To implement the provisions of the Plan, including all provisions in the Plan
12 which specify the retention of jurisdiction, and to make such further orders as will aid in
13 consummation of the Plan, including the sale of any property after Plan confirmation;

14  (J) To adjudicate controversies regarding property of the Debtor's estate and
15 regarding ownership thereof, including adjudication of causes of action which constitute
16 property of the estate;

17  (K) To modify this Plan in accordance with § 1127 of the Bankruptcy Code;

18  (L) To enter such orders as may be necessary or appropriate to implement or
19      consummate the provisions of this Plan and all contracts, instruments, releases
20      and other agreements or documents created in connection with this Plan, the
21      Disclosure Statement, or the Confirmation Order; and

22  (M) Enter a final decree and order closing the case.

23 **13.  MODIFICATION OF PLAN**

24  The Debtor may modify the Plan with regard to the treatment of any creditor class, in
25 connection with any agreement or settlement with such creditor class or in order to comply
26 with requirements of the Code as established by the Court, provided such modification does
27 not materially adversely affect any other class of creditors. Such modifications may be made
28 at the confirmation hearing and reflected in the order confirming the Plan of Reorganization.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd                    -13-

1  Any other modification of the Plan shall be in accordance with § 1127 of the Code.

2  **DATED** this 26th day of September, 2011.

LAW OFFICES OF ALAN R. SMITH

By: ___/s/ Alan R. Smith___
ALAN R. SMITH, ESQ.
Attorney for Debtor

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Caviata\Plan & DS\Plan 092611 (v3)-dlg.wpd

-14-